UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

S & V INVESTMENT, LLC,

          Debtor.
_____/

Case No. 11-70805

Chapter 11

Judge Thomas J. Tucker

S & V INVESTMENT, LLC,

          Plaintiff,

vs.

JAMES DONAHUE, *pro se*,

          Defendant.
_____/

Adv. Pro. No. 12-4309

**TRIAL OPINION**

**I. Introduction**

In this adversary proceeding, Plaintiff S & V Investment, LLC ("S & V"), which is the Debtor in a pending Chapter 11 bankruptcy case, seeks a judgment determining that in its proposed Chapter 11 plan, S & V may treat as a wholly unsecured claim, the claim of the Defendant, James Donahue. Defendant Donahue's claim against S &V is secured by a second mortgage on S & V's real property located at 366-368 North Gratiot Ave., Clinton Township, Michigan (the "Property"). Plaintiff S & V alleges that the value of the Property, as of the bankruptcy petition date, is less than the balance owing on the first mortgage on the Property. Defendant Donahue disputes this claim.

The Court held a bench trial on May 8, 2012, then took this adversary proceeding under advisement. The Court has carefully considered all of the arguments and evidence presented by

the parties at trial. This opinion states the Court's findings of fact and conclusions of law.

For the reasons stated in this opinion, the Court finds for Plaintiff S & V, and will enter a judgment in S &V's favor.

## II. Background

Most of the facts are undisputed. The parties have stipulated to the following facts, as stated in the Final Pretrial Order, filed April 23, 2012:

> a. That Plaintiff-Debtor purchased the real property located at 366-368 North Gratiot Ave., Clinton Township, MI from Defendant.
>
> b. That Defendant retained a second mortgage on the subject real property as part of that sale.
>
> c. That the amount currently due and owing on the second mortgage is $102,000.
>
> d. That the holder of the first mortgage is Bayview Loan Servicing LLC.
>
> e. That the first mortgagee filed a proof of claim stating that the balance due on that mortgage is currently $652,380.83.[1]
>
> f.. That Plaintiff-Debtor filed for Chapter 11 Bankruptcy on December 1, 2011.[2]

In S &V's proposed Chapter 11 plan, filed on April 11, 2012, S & V proposes to treat Defendant Donahue's claim as a wholly unsecured claim:

> Class 2 shall include the second mortgage claim of James Donahue. The total amount of the mortgage is $102,000, and it is secured by Debtor's real property located at 366-368 North Gratiot Ave., Clinton Township, MI. Since there is no equity in the

---

[1] *See also* Proof of Claim No. 2, filed in Case No. 11-70805 on March 13, 2012 by Bayview Loan Servicing, LLC (of which the Court takes judicial notice).

[2] Final Pretrial Order (Docket # 18) at 1-2, ¶ 3.

> Debtor's real property to support this lien, this debt shall be treated as Class 3 General Unsecured debt.[3]

In the Final Pretrial Order, the parties have agreed as follows:

> The only issue of fact to be litigated is the value of the real property located at 366-368 North Gratiot Ave., Clinton Township, MI. If the real property is worth less than the balance of the first mortgage, $652,380.83, then there is no equity available to support the second mortgage and it should be stripped upon completion of the Debtor's Chapter 11 plan.[4]

As the issue has been framed by the parties, and as the Court noted during the trial, Plaintiff S & V had the burden at trial of proving, by a preponderance of the evidence, that the value of the Property as of the December 1, 2011 petition date was equal to or less than $652,380.83 (which is the balance owing on the first mortgage). *See generally* 11 U.S.C. §§ 506(a)(1) and 506(d); *Lane v. Western Interstate Bancorp*, 280 F.3d 663 (6th Cir. 2002). If S &V met that burden, it must prevail in this adversary proceeding. If S & V did not meet that burden, then Defendant Donahue must prevail.

## III. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a)(E.D. Mich.). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(K), 157(b)(2)(L), and 157(b)(2)(O).[5]

---

[3] Debtor's Amended Plan and Disclosure Statement (Docket # 32 in Case No. 11-70805) at 4, § 3.2. The confirmation hearing on Debtor's plan is scheduled for May 23, 2012.

[4] Final Pretrial Order at 2, ¶ 4.

[5] The parties have agreed that this Court has subject matter jurisdiction, and that this is a core proceeding. *See* Final Pretrial Order at 1.

**IV. Discussion**

Based on the evidence presented at trial, the Court finds and concludes that Plaintiff S & V has met its burden of proof, and that the value of the Property as of the petition date was less than $652,380.83 (the balance owing on the first mortgage).[6] The Court bases this primarily on the testimony of the S &V's appraiser, William L. Helsom, and on Mr. Helsom's detailed appraisal report (Plaintiff's Exhibit 1). Mr. Helsom used the sales comparison approach to appraising the Property, and he opined, both in his testimony and in his appraisal report, that the market value of the Property, as of April 3, 2012, was $165,000.00. The Court finds Mr. Helsom's opinion to be reliable, well supported, and unrebutted, at least to the extent that it demonstrates that the Property is worth well below $652,380.83. And based on the testimony of Mr. Helsom, the Court finds that while commercial and residential property values generally declined susbtantially in the Clinton Township area in the years during and after 2008 (a fact that Defendant Donahue acknowledged in his testimony,) the value of the Property did not materially decline between the petition date, December 1, 2011, and the date of Mr. Helsom's appraisal, April 3, 2012.

The Court further finds that there was no persuasive evidence presented at trial showing that the value of the Property was more than $652,380.83. Even Defendant Donahue, on cross-examination, testified that while he thought he could sell the Property, under a land contract, for $600,000.00, *if* he sold it together with some adjoining lots that he owns, *he did not know if he*

---

[6] It is not necessary for the Court to make a finding of what precisely the value of the Property is or was, and the Court makes no such finding. It is sufficient for the Court to find, as it does, that as of the December 1, 2011 petition date, the value was less than the $652,380.83 balance owing on the first mortgage debt.

4

*could sell it for more than $600,000.00.*

**V. Conclusion**

Based on the findings of fact, conclusions of law, and the reasons stated in this opinion, the Court will enter judgment for Plaintiff S & V Investment LLC. No later than May 15, 2012, counsel for S & V must submit a proposed judgment that is consistent with this opinion, and that includes the language and form (adapted to this case) that the Court requires for lien-strip default judgments in Chapter 13 cases, found in Guideline 12 to the Court's local rules. The Court waives presentment of such proposed judgment.

**Signed on May 11, 2012**　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**